IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



CHRISTINA MORENO,                        §
                                         §
          Movant,                        §
                                         §
VS.                                      §   NO. 4:16-CV-427-A
                                         §   (NO. 4:14-CR-169-A)
UNITED STATES OF AMERICA,                §
                                         §
          Respondent.                    §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Christina Moreno

("movant") under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence. After having considered such motion and

pertinent parts of the record in Case No. 4:14-CR-169-A, styled

"United States of America v. Christina Moreno, et al.," the court

has concluded that the motion should be denied.

I.

## Background

Information contained in the record of the underlying

criminal case discloses the following:

On July 18, 2014, movant and Jaime Hernandez were named in a

criminal complaint. CR Doc.[1] 1. On August 13, 2014, an indictment

was filed charging movant in count two with being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

---

[1] The "CR Doc." reference is to the number of the item on the docket in the underlying criminal case, No. 4:14-CR-169-A.

CR Doc. 17. On September 12, 2014, movant pleaded guilty and signed a factual resume admitting each of the elements of the violation and stipulating to the facts giving rise to the charge. CR Doc. 32. The plea colloquy established that movant understood the charges against her and that her plea was knowing, voluntary, and intelligent. CR Doc. 77.

On December 31, 2014, movant was sentenced to a term of imprisonment of 120 months, to be followed by a three-year term of supervised release. CR Doc. 69. Movant was informed of her right to appeal and signed a statement acknowledging that she understood her rights. CR Doc. 78 at 29; CR Doc. 67.

Movant appealed and her sentence was affirmed. United States v. Moreno, 619 F. App'x 375 (5th Cir. 2015).

II.

Grounds of the Motion

Movant urges four grounds in support of her motion, worded as follows:

> Ground one: Ineffective assistance of counsel
> Supporting Facts: Defense counsel failed to file a
> notice of appeal after I was sentenced. I asked was
> there any type of appeal I could do for a lower
> sentence but I was not informed of it
>
> Ground two: Violation of Constitutional Right-
> Amendment V-Due Process
> Supporting Facts: Conviction obtained by plea of guilty
> which was unlawfully induced or not made voluntarily or

2

with understanding of the nature of the charge and the
consequences of the plea

Ground three: Violation of Constitutional Right
Amendment V-Due Process
Supporting Facts: The U.S. Supreme Court has deemed the
residual clause vague and unconstitutional for crimes
of violence

Doc.[2] 1 at 4.

Ground four: Ineffective assistance of counsel
Supporting Facts: Defense counsel failed to explain the
appeal process to me

Doc. 1 at 5.

## III.

## Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted. United States v. Frady, 456 U.S.
152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32
(5th Cir. 1991). A defendant can challenge his conviction or
sentence after it is presumed final on issues of constitutional
or jurisdictional magnitude only, and may not raise an issue for
the first time on collateral review without showing both "cause"

---

[2]The "Doc." reference is to the number of the item on the court's docket in this civil action.

for his procedural default and "actual prejudice" resulting from the errors.   Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.   It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.   United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).   In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).   Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."   Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).
"[A] court need not determine whether counsel's performance was
deficient before examining the prejudice suffered by the
defendant as a result of the alleged deficiencies." Strickland,
466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750,
751 (5th Cir. 2000).  "The likelihood of a different result must
be substantial, not just conceivable," Harrington v. Richter, 562
U.S. 86, 112 (2011), and a movant must prove that counsel's
errors "so undermined the proper functioning of the adversarial
process that the trial cannot be relied on as having produced a
just result."  Cullen v. Pinholster, 563 U.S. 170, 189 (2011)
(quoting Strickland, 466 U.S. at 686).  Judicial scrutiny of this
type of claim must be highly deferential and the defendant must
overcome a strong presumption that his counsel's conduct falls
within the wide range of reasonable professional assistance.
Strickland, 466 U.S. at 689.

IV.

Analysis

Movant's first and fourth grounds assert ineffective
assistance of counsel, saying that movant's attorney failed to
file a notice of appeal and that she failed to explain the appeal
process to movant. These claims are belied by the record, which

5

reflects that movant did pursue an appeal and that her sentence was affirmed.

In her second ground, movant alleges that her conviction was obtained by a plea that was unlawfully induced or not made voluntarily or with an understanding of the nature of the charge and the consequences of the plea. This, too, is belied by the record. The court reviewed with movant that her sentencing would be based on the actual facts and that she would be bound by her plea. Movant acknowledged under oath that she understood that the guideline range could not be calculated until preparation of the PSR, that the sentence could be more severe or less severe than the recommended guideline range, and that movant faced a ten-year term of imprisonment, among other things. Her plea was knowing and voluntary and movant understood charge against her and the consequences of the plea. CR Doc. 77.

In her third ground, movant makes the conclusory allegation that the Supreme Court has deemed the residual clause vague and unconstitutional. She does not allege any facts to show that Johnson v. United States, 135 S. Ct. 2551 (2015), would have any bearing on her case. In fact, it does not. Rather, movant stipulated that she was a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

V.

Order

The court ORDERS that all relief sought by movant in her motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 7, 2016.

_____
JOHN McBRYDE
United States District Judge